| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Scott Talkov<br>Reid & Hellyer APC<br>P.O. Box 1300<br>Riverside, CA 92502–1300<br><br>951–682–1771<br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |
|---|---|

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE**

| In re:<br><br>Manors San Bernardino Ave LLC<br><br><br><br>Debtor(s). | CASE NO.: 6:15–bk–18887–MH<br><br>CHAPTER: 7<br><br><br>ADVERSARY NUMBER: 6:16–ap–01148–MH |
|---|---|
| John P. Pringle<br><br>Plaintiff(s)<br><br>Versus<br><br>O. Allen Alpay, Trustee of the Alpay Living Trust dated October 18, 1996<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **07/06/2016.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:
        **Date:**           **August 31, 2016**
        **Time:**          **02:00 PM**
        **Hearing Judge:**   **Mark D. Houle**
        **Location:**       **3420 Twelfth St., Crtrm 303, Riverside, CA 92501**

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012      Page 1      **F 7004–1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016–1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court–approved joint status report form is available on the court's website (LBR form F 7016–1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016–1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

                    **KATHLEEN J. CAMPBELL**
                    **CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>June 6, 2016</u>

                    By: <u>"s/" Susan Hawkinson</u>

                    Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012      Page 2      **F 7004–1.SUMMONS.ADV.PROC**

Case 6:16-ap-01148-MH Doc 3-1 Filed 06/07/16 Entered 06/07/16 10:55:21 Desc
AP Documents Page 2 of 9

# ATTACHMENT A
Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| John P. Pringle | O. Allen Alpay, Trustee of the Alpay Living Trust dated October 18, 1996<br>Manors Construction & Development Co., Inc. |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**ATTACHMENT A**

UNITED STATES BANKRUPTCY COURT

Early Meeting of Counsel and Status Conference Instructions
Effective February 17, 2012

**1**.      **Service of Order.**  A copy of this Order Re: Rule 26(f) Meeting, Initial Disclosures, and Scheduling Conference must be served with the summons and complaint.  The proof of service of the summons and complaint must indicate that a copy of this order was served therewith.

**2**.      **Local Bankruptcy Rule 7026-1**.  Compliance with Local Bankruptcy Rule 7026-1 ("LBR 7026-1") is required in ALL adversary proceedings.

**3**.      **Rule 26(f) Meeting**.  Unless all defendants default, the parties must meet and confer pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("Rule 26(f) Meeting") at least 21 days before the status conference date set forth in the summons.  **The status conference set forth in the summons shall also serve as the initial Rule 16(b) Scheduling Conference in this adversary proceeding.**

The parties are jointly responsible for arranging and attending the Rule 26(f) Meeting, which may be conducted in person or by telephone.  During the Rule 26(f) Meeting, the parties must, at a minimum:  (a) discuss the nature and basis of their claims and defenses and the possibilities for a prompt settlement or resolution of the case; (b) make or arrange for the initial disclosures required by Rule 26(a)(1); and (c) develop a proposed discovery plan.  The discussion of claims and defenses must be substantive and meaningful.  The parties are directed to approach the Rule 26(f) Meeting cooperatively and in good faith.

**4**.      **Initial Disclosures**.  Rule 26(a)(1) states that a party must, without awaiting a discovery request, provide to other parties:

      a.      The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment;

      b.      A copy of – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment;

      c.      A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

      d.      For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

F.R.Civ.P. 26(a)(1)(A). Rule 26(a)(1) requires a party to make its initial disclosures based on the information then reasonably available to it. A party is not excused from making its disclosures because it has not fully completed its investigation of the case or because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures. F.R.Civ.P. 26(a)(1)(E).

**5**.  **Alternative Dispute Resolution ("ADR").** The parties must explore the feasibility of ADR to reach a settlement or early resolution of the adversary proceeding. The specific reasons for any decision not to participate in a form of early ADR must be explained in the Joint Status Report. If the parties elect not to participate in an early ADR effort, the court may nonetheless direct the parties to ADR before trial.

6.      **Discovery Plan.**  At the Rule 26(f) Meeting, the parties must also discuss any issues about preserving discoverable information and develop a proposed discovery plan.  The discussion regarding discovery following the initial disclosures must address the relevance of the discovery sought and the sequence and timing of such discovery, including whether the discovery will be conducted informally or formally.  The deadlines in the discovery plan must be mutually agreeable, with a view to achieving resolution of the case with a minimum of expense and delay.

7.      **Joint Status Report**.  Not later than 7 days before the status conference/Rule 16(b) Scheduling Conference date set forth in the summons, the parties must file a Joint Status Report in a form substantively identical to LBR **Form F 7016-1.1.**  The Joint Status Report must contain the information set forth in LBR 7016-1(a)(2), and a statement that the parties have completed the Rule 26(f) Meeting and made the initial disclosures required by Rule 26(a)(1).  The Joint Status Report shall also serve as the written report of the Rule 26(f) Meeting.

8.      **Status Conference / Rule 16(b) Scheduling Conference.**  At the Rule 16(b) Scheduling Conference, the court will review the discovery plan set forth in the Joint Status Report and set appropriate deadlines.  The court seeks to try all adversary proceedings not later than 18 months of the filing of the complaint.  Consequently, all deadlines in the schedule, including the dispositive motion deadline, must be met within 12 to 14 months of the filing of the complaint to afford adequate time for briefing and ruling prior to the final pretrial conference and trial date.

Counsel representing any party in conjunction with the Rule 26(f) Meeting, Joint Status Report, and Rule 16(b) Scheduling Conference must be authorized to bind the party on all matters to be covered.

9.   **Default.**  If no response to the complaint is timely filed, plaintiff should request entry of default by the clerk prior to the status conference date set forth in the summons.  F.R.Civ.P. 55(a).  Plaintiff may also request entry of a default judgment by filing and serving an appropriate motion.  F.R.Civ.P. 55(b)(2).

10.   **Sanctions.**  Failure to comply with these instructions may subject the responsible party and/or counsel to sanctions.  The failure of either party to cooperate in the preparation and filing of a Joint Status Report or appear at the status conference may result in the imposition of sanctions under LBR 7016-1(f) or (g).

Mark D. Houle

United States Bankruptcy Judge

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

3880 Lemon Street, 5th Floor, Riverside, CA 92501

Also Served Complaint and Early Meeting of Counsel

A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 06/07/2016, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Douglas A Plazak    dplazak@rhlaw.com
- John P Pringle (TR)    brenfro@rpmlaw.com, jpp@trustesolutions.net
- Scott Talkov    stalkov@rhlaw.com
- United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 06/07/2016, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 06/07/2016 | Wendy M. Patrick | /s/ Wendy M. Patrick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2012    Page 3    **F 7004-1.SUMMONS.ADV.PROC**

SERVICE LIST ATTACHMENT:


Honorable Mark D. Houle
United States Bankruptcy Judge
3420 Twelfth Street
Riverside, CA 92501

Defendant:
O. Allen Alpay, Trustee of the Alpay
Living Trust dated October 18, 1996
P.O. Box 2304
Long Beach, CA 90801

and

P.O. Box 3071
Rolling Hills Estates, CA 90274

Attorney for Alpay Living Trust
Renee DeGolier, Esq./Spierer Woodward, et al.
707 Torrance Blvd., Suite 200
Redondo Beach, CA 90277

Defendant:
Manors Construction & Development Co., Inc.
A California Corporation
Agent for Service of Process:
Paul C. Minnick
2072 Carmel Circle
Corona, CA 92882